UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: Edouard L Benjamin | Case no. 19-25903-RAG |
| Debtor(s) | Chapter 13 |

Line Regarding Motion for Valuation of Collateral

Edouard L Benjamin files this Line Regarding Motion for Valuation of Collateral, Document 29 on the docket.

The power of the Court to modify liens and pay the creditor the of those liens arises out of two sections of the Bankruptcy Code. Section 1325 and Section 506 of the Bankruptcy Code. Section 506 (a) states:

> a) <u>An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property</u>, * * *

**Under the section that deals with confirmation of the Chapter 13 plan, Section 1325 states that the Court shall confirm a plan if the plan pays the lienholder the present value as of the effective date of the plan . Section 1325) states:**

> (B)(i) the plan provides that the holder of such claim retain the lien securing such claim, and

> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim * * *.

This section formulates the required payment as a payment based on the present value of the claim not based on an arbitrary statutory rate for judgments.

The Supreme Court's decision in <u>Till v, SCS Credit Corp</u> 541 U.S. 465 (2003) supports this interpretation. There is no material difference between the value of a stream of payments on a loan secured by a lien that is consensual or a statutory or judgment lien.

In <u>TILL</u> the court opted for a formula approach which starts with the prime rate and adds a risk factor. The standard is pragmatic and relatively simple to apply. There should not be a need for a complicated evidentiary predicate for cramdown of judgment liens in Chapter 13 cases. Section 506 (a) and Section 1325 do not single out non-consensual liens as entitled to be treated differently. Both Sections refer generally to Liens when addressing the treatment of the secured claim. The defined term "security interest" defined in Section 101 (50) of the Bankruptcy Code is not used in these sections to limit the sections operation consensual liens. The Debtor believes that absent objection and consistent with TIL the burden falls on the lien holder to prove the appropriate risk factor component to be added to the prime rate.

/s/ J. Michael Broumas
J. Michael Broumas, Esquire
Broumas Law Group LLC
8370 Court Avenue, Suite 203
Ellicott City, Maryland 21043
(410) 523-8100
Counsel for Debtor(s)

## CERTIFICATE OF SERVICE

I hereby certify on the July 29, 2020 I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Line Regarding Motion for Valuation of Collateral will be served electronically by the Court's CM/ECF system on the following:

Robert S. Thomas, II
300 E Joppa Road, Suite 409
Towson, MD 21286

/s/ J. Michael Broumas
J. Michael Broumas, Esquire
Broumas Law Group, LLC

                                                8370 Court Avenue, Suite 203  
                                                Ellicott City, MD 21043